UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

NASSER AL-AULAQI,
as personal representative of the estates of ANWAR
AL-AULAQI and ABDULRAHMAN AL-AULAQI,

SARAH KHAN,
as personal representative of the estate of SAMIR
KHAN,                                                                  No. 12-cv-_____

                                  Plaintiffs,

              v.

LEON C. PANETTA,
Secretary of Defense,

WILLIAM H. MCRAVEN,
Commander, Special Operations Command,

JOSEPH VOTEL,
Commander, Joint Special Operations Command,

DAVID H. PETRAEUS,
Director, Central Intelligence Agency,

All in their individual capacities,

                                  Defendants.

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE COMPLAINT
WITHOUT LISTING THEIR HOME ADDRESSES**

        Plaintiffs hereby move for leave to file their complaint without listing their home

addresses in the caption.  They respectfully request permission to show the address of

their attorneys instead.

**Argument**

Local Civil Rule 5.1(e)(1) provides that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party."  In this case, however, plaintiffs fear that having their home addresses on the public record, available to anyone in the world with access to PACER, may endanger their safety and the safety of their families.

As the Complaint in this action shows, plaintiffs are the personal representatives of the estates of three U.S. citizens killed in U.S. drone strikes in Yemen last year. Plaintiff Nasser Al-Aulaqi is the father of Anwar Al-Aulaqi, a U.S. citizen killed in a U.S. drone strike on September 30, 2011, and the grandfather of Abdulrahman Al-Aulaqi, a 16-year-old American citizen killed in a U.S. drone strike on October 14, 2011. Plaintiff Sarah Khan is the mother of Samir Khan, a U.S. citizen killed in the same drone strike that killed Anwar Al-Aulaqi.  Government officials have alleged that Anwar Al-Aulaqi was a member of a terrorist group, Al Qaeda in the Arabian Peninsula (AQAP), and had placed him on government "kill lists" before his death.  Officials have alleged that Samir Khan was a "propagandist" for AQAP.  Shortly after Abdulrahman Al-Aulaqi's death, a senior Obama administration official described Abdulrahman to the media as a "military-aged male."

It is reasonable to fear, and plaintiffs do fear, that if their home addresses are made public and easily available to the world in connection with this lawsuit, they and their families will be harassed for filing this lawsuit.  Plaintiffs have indeed experienced harassment in connection with accusations made against their sons.

This Court's local rules recognize the need to protect the privacy interests of litigants.  Thus, for example, Local Civil Rule 5.4(f), added when electronic filing arrived, requires that Social Security numbers, date of birth, financial account numbers, and the names of minor children must be omitted from public filings.  Like that information, public disclosure of a home address can result in a serious invasion of privacy.  Plaintiffs have taken steps to protect the privacy of their home addresses.  For example, Plaintiff Sarah Khan has requested that her address not be listed in the local telephone book and has removed it from Internet listings.  Plaintiff Nasser Al-Aulaqi uses a post office box to receive mail.

The relief requested by plaintiffs is far less drastic than if they were to seek to file using pseudonyms, but the same general principles should apply.  In *Doe v. Von Eschenbach*, 2007 WL 1848013 (D.D.C. June 27, 2007) (No. 06-2131 (RMC)), this Court explained that the use of pseudonyms "has been permitted where the issues are 'matters of a sensitive and highly personal nature . . . .'" *Id*. at *1 (quoting *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)).  The Court "balance[s] the presumption of openness with [the] plaintiff's privacy rights." *Id.*, at *2.  In the circumstances of this case, that balance weighs in favor of keeping plaintiffs' home address off the pubic record.  *Cf. Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 151 (D.D.C. 2011) ("[A] court [may] permit the filing under seal of a party's address where the circumstances so require . . . .").

Finally, there is no risk of prejudice to the opposing parties here.  Plaintiff's counsel will provide plaintiffs' home addresses to defendants' counsel if they request it,

subject to a protective order against general pubic disclosure.  Likewise, plaintiffs' home

addresses can be filed under seal if the Court so directs.

## <u>Conclusion</u>

For these reasons the motion should be granted.  A proposed order, permitting

plaintiffs to file their complaint using their attorneys' address in the caption, is filed

herewith.

Respectfully submitted,

/s/ *Arthur B. Spitzer*

_____

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
of the Nation's Capital
4301 Connecticut Avenue, NW, Suite 434
Washington, DC 20008
Telephone: (202) 457-0800
Fax: (202) 452-1868
art@aclu-nca.org

Jameel Jaffer
Hina Shamsi
Nathan Freed Wessler
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7814
jjaffer@aclu.org

Pardiss Kebriaei
Maria C. LaHood
Baher Azmy
Center for Constitutional Rights
666 Broadway, 7th floor
New York, NY 10012
(212) 614-6452
pkebriaei@ccrjustice.org

July 18, 2012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NASSER AL-AULAQI,
as personal representative of the estates of ANWAR
AL-AULAQI and ABDULRAHMAN AL-AULAQI;

SARAH KHAN,
as personal representative of the estate of SAMIR
KHAN,                                                               No. 12-cv-_____

                    Plaintiffs,

          v.

LEON C. PANETTA,
Secretary of Defense;

WILLIAM H. MCRAVEN,
Commander, Special Operations Command;

JOSEPH VOTEL,
Commander, Joint Special Operations Command;

DAVID H. PETRAEUS,
Director, Central Intelligence Agency,

All in their individual capacities,

                    Defendants.

**[proposed] ORDER**

          Upon consideration of plaintiffs' motion for leave to file complaint without listing

their home addresses, it is hereby ORDERED that the motion is granted.  Plaintiffs'

complaint may be filed using the address of their attorneys in the caption.


Date: _____

                                          _____
                                          United States District Judge