# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NASSER AL-AULAQI, as personal representative of the estates of ANWAR AL-AULAQI and ABDULRAHMAN AL-AULAQI, *et. al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>LEON C. PANETTA, *et. al.*, in their individual capacities,<br><br>*Defendants*. | No. 12-cv-1192 (RMC) |

## PLAINTIFFS' MOTION FOR ORAL ARGUMENT ON DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 7(b) and L. Civ. R. 7(f), Plaintiffs hereby move for oral argument on Defendants' Motion to Dismiss Plaintiffs' Complaint.

The parties' briefing on Defendants' Motion raises extraordinarily consequential legal issues that would greatly benefit from oral argument before this Court. Oral argument in this matter will ensure that the Court's resolution of Defendants' Motion is based on a complete presentation of the parties' arguments, which implicate profound issues of a constitutional dimension. Before filing this motion, Plaintiffs conferred with Defendants, whose position is that the law on the dispositive issues in this case is clear from the parties' briefs, but that Defendants defer to the Court as to whether argument is necessary.

### BACKGROUND

On July 18, 2012, Plaintiffs, as personal representatives of the estates of their relatives—three American citizens killed in Yemen in 2011—filed a Complaint in this Court alleging that Defendants, in their individual capacities as military and intelligence officers in the Executive

Branch, authorized and directed the killings of those three citizens as part of the U.S. government's targeted-killing program. *See* Compl. ¶ 1. Plaintiffs contend that Defendants' alleged actions violated the decedents' fundamental rights under the Constitution, including the right not to be deprived of life without due process of law. Defendants' Motion to Dismiss the Complaint, filed on December 14, 2012 (Dkt. No. 18), raises three principal grounds in support of dismissal: the political question doctrine; special factors counseling against a remedy under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and qualified immunity. *See* Defs.' Mot. to Dismiss 5, 21, 29. Plaintiffs opposed on February 5, 2013 (Dkt. No. 21), and Defendants replied on March 7, 2013 (Dkt. No. 23).

## ARGUMENT

Plaintiffs' claims and Defendants' arguments for dismissal raise legal issues of paramount constitutional importance, including the right not to be deprived of life without due process and the proper roles of the Executive and the Judiciary in our constitutional system of balanced powers. *See* Pls.' Opp. at 1–4. Given the breadth of the parties' written submissions, the Court's consideration of the issues would greatly benefit from the further airing of arguments on both sides.

Whether to grant oral argument on a motion is within the Court's discretion. *See* L. Civ. R. 7(f); *accord Owen-Williams v. BB & T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 126 (D.D.C. 2011). A court may deny a motion for oral argument where it finds that "holding oral argument would not be of assistance in rendering a decision." *Crummey v. Soc. Sec. Admin.*, 857 F. Supp. 2d 117, 118 (D.D.C. 2012). Often, such cases are "completely straightforward and amenable to resolution on the papers." *Owen-Williams*, 797 F. Supp. 2d at 126; *cf. United States v. Baber*, 447 F.2d 1267, 1270–71 (D.C. Cir. 1971) ("We do not derogate the importance that oral

argument may have in many, perhaps most, cases; but there are cases in which it is reasonably certain from the record and the briefs of the parties that no useful purpose would be served by devoting the court's time and that of both [parties'] counsel to an oral hearing.").

However, this Court regularly grants oral argument in exceptional cases, including when it has been "[m]indful of the importance of" particular suits "rais[ing] concerns about the actions of the Executive Branch." *Rasul v. Bush*, 215 F. Supp. 2d 55, 59 (D.D.C. 2002) (Executive Branch's power to detain enemy combatants); *see, e.g.*, *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 101 (D.D.C. 2012) (political question doctrine and *Bivens*); *Hamdan v. Rumsfeld*, 344 F. Supp. 2d 152, 156 (D.D.C. 2004) (Executive Branch's power to detain enemy combatants); *Friends of the Earth, Inc. v. Weinberger*, 562 F. Supp. 265, 267 (D.D.C. 1983) (political question doctrine). This Court has also regularly held oral argument in cases implicating national security, where the issues are of great consequence and require robust adversarial deliberation. *See Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 658 F. Supp. 2d 217, 220 (D.D.C. 2009) (FOIA case involving exposure of CIA operative); *CSX Transp., Inc. v. Williams*, No. Civ. A. 05-338, 2005 WL 902130, at *1 (D.D.C. Apr. 18, 2005) (case "involv[ing] longstanding principles of federalism applied to one of the government's newest and most important roles—protecting our Nation from the threat of terrorism"); *Crockett v. Reagan*, 558 F. Supp. 893, 896 (D.D.C. 1982) (suit filed by members of Congress seeking declaratory judgment that actions of Executive Branch violated War Powers Resolution and Foreign Assistance Act).

As discussed in the parties' briefs, resolution of Defendants' Motion to Dismiss requires consideration of intricate issues dealing with Executive power, the role of the Judiciary, and the most fundamental rights of citizens. Plaintiffs submit that an opportunity for the Court to further examine and engage with the parties' arguments would indeed be "of assistance" to the Court "in

rendering a decision," *Crummey*, 857 F. Supp. 2d at 118.[1]

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant oral argument on Defendants' Motion to Dismiss the Complaint.

Dated:  March 22, 2013            Respectfully submitted,

*/s/ Hina Shamsi*
Hina Shamsi (*pro hac vice*)
Brett Max Kaufman (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street—18th Floor
New York, NY 10004
T: 212.519.2500
F: 212.549.2654
E: hshamsi@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union of the
  Nation's Capital
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20008
T: 202.457.0800
F: 202.457.0805
E: artspitzer@aclu-nca.org

Pardiss Kebriaei (*pro hac vice*)
Maria C. LaHood (*pro hac vice*)
Susan Hu
Center for Constitutional Rights
666 Broadway—7th Floor
New York, NY 10012
T: 212.614.6452
F: 212.614.6499
E: pkebriaei@ccrjustice.org

---

[1] In the event the Court grants this motion, Plaintiffs and Defendants have agreed to confer and to propose potential oral-argument dates for the Court's convenience.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NASSER AL-AULAQI, as personal representative of the estates of ANWAR AL-AULAQI and ABDULRAHMAN AL-AULAQI, *et. al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> LEON C. PANETTA, *et. al.*, in their individual capacities, <br><br> *Defendants*. | No. 12-cv-1192 (RMC) |

## [PROPOSED] ORDER

This matter is before the Court on Plaintiffs' Motion for Oral Argument on Defendants' Motion to Dismiss the Plaintiffs' Complaint. Upon consideration of the parties' submissions, it is hereby **ORDERED** that the Plaintiffs' Motion for Oral Argument is **GRANTED**. Argument will be held on _____, 2013, at _____ in Courtroom _____.

Date: _____, 2013.

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE