## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NASSER AL-AULAQI, as personal representative
of the estate of ANWAR AL-AULAQI and
ABDULRAHMAN AL-AULAQI, *et. al.*,

*Plaintiffs*,

v.

LEON C. PANETTA, *et. al.*, in their individual
capacities,

*Defendants*.

No. 12-cv-1192 (RMC)

### PLAINTIFFS' RESPONSE TO THE UNITED STATES'
### MOTION FOR RECONSIDERATION AND TO STAY
### THE COURT'S DECEMBER 26, 2013 ORDER

Plaintiffs hereby respond to the United States' January 10, 2014 Motion for

Reconsideration and to Stay the Court's December 26, 2013 Order. *See* ECF No. 34.

Although Plaintiffs agree that the Court should reconsider and vacate its December 26,

2013 Order requiring the government to lodge classified information in this case, they

submit this response to apprise the Court of their views relating to certain aspects of the

government's filing.[1]

---

[1] Although the government argues that "jurisdiction to issue an order against [the
government] is absent," Gov't Mot. at 5, the principal case it cites in support, *Flatow v.
Islamic Republic of Iran*, 305 F.3d 1249 (D.C. Cir. 2002), presents very different factual
and legal contexts, and plainly does not control the particular question here. Most
significantly, *Flatow* involved a situation in which the defendants' interests were not at
all aligned with the U.S. government's, whereas in this case Defendants are current and
former government officials who are represented by the same counsel who represent the
government. *See id.* at 279 ("Neither could the filing of the Statement of Interest suffice
to make the United States a *de facto* intervenor, assuming the validity of that concept, for
the United States was not present throughout every stage of the proceedings, its interests
were not synonymous with those of the named Iranian defendants, and it did not behave
as a party in the district court.").

As an initial matter, Plaintiffs agree with the government that Defendants' motion to dismiss "can and should be resolved, without reference to the classified information that would be at stake in a state secrets assertion." Gov't Mot. 10–11. On a motion to dismiss, "the court must treat the complaint's factual allegations—including mixed questions of law and fact—as true and draw all reasonable inferences therefrom in the plaintiff's favor." *McMillian v. Dist. of Columbia*, 466 F. Supp. 2d 219, 222 (D.D.C. 2006); *accord Warren v. Dist. of Columbia*, 353 F.3d 36, 29–40 (D.C. Cir. 2004). The resort to facts outside Plaintiffs' complaint is therefore premature before the resolution of Defendants' motion to dismiss. *See* Gov't Mot. 10–11.[2]

As Plaintiffs argue in their opposition to Defendants' motion to dismiss, the chance that Plaintiffs' claims might implicate classified information at a later stage of the litigation does not constitute a "special factor counseling hesitation" under *Bivens*. *See* Pls.' Opp. 23–24 & 24 n.29. Nor does the Court need to look beyond Plaintiffs' complaint to conclude that Defendants' use of lethal force violated the decedents' clearly established rights and that Defendants are therefore not entitled to qualified immunity. *See* Pls.' Opp. 27–44. And because Plaintiffs raise constitutional claims, the questions presented here require judicial resolution. *See* Pls.' Opp. 7–15. They remain justiciable regardless of whether classified information might later be at issue.

The government's filing lays bare Defendants' attempt, in their motion to dismiss, to have it both ways with respect to classified information. In its filing, the government

---

[2] Ironically, counsel for Defendants attempted in their motion to dismiss to introduce facts contesting the complaint's well-pled allegations. *See* Defs.' MTD at 2 & n.1, 9 & nn.4–5; *see also* Pls.' Opp. 5–7, 15 n.16, 26, 28 n.34. The same counsel, arguing now for the government, correctly recognize that only the factual allegations of the complaint are properly before the Court on a motion to dismiss.

confirms that invocation of the state-secrets privilege and disclosure of any basis for it is not, at this stage, "necessary to protect against the risk of significant harm to national security." Gov't Mot. 10 (quotation marks omitted); *accord* Statement of Interest ¶ 10. Yet Defendants are invoking the "specter of disclosing classified intelligence information in open court," Defs.' MTD 26, to seek dismissal of Plaintiffs' case. As Plaintiffs explain in their opposition to Defendants' motion to dismiss, Defendants' attempt to import the sort of evidentiary concerns protected by the state-secrets privilege into the "special factors" and political-question analyses is improper. *See* Pls.' Opp. 24 n.29 (arguing that consideration of the effect of classified information in this case is both "inappropriate" in the special-factors analysis and "premature at this stage"); *see also id.* at 17 n.18 ("Defendants are asking this Court to engage in improper double-counting of the same considerations" under various doctrines.). Indeed, the government's attempt to recast Defendants' "special factors" argument as being about the mere "existence of [classified] information[,] not its specific content," Gov't Mot. 8 n.6, only reinforces Plaintiffs' argument that such concerns are properly addressed through concrete inquiries at the merits stages of litigation.[3]

---

[3] Because the Supreme Court has instructed that the recognition of a *Bivens* remedy is ultimately a "subject of judgment," *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007), and not "an on–off switch," Pls.' Opp. 26, the Court should reject Defendants' attempt to fashion a "special factor" out of the possibility that classified information will be at issue here.

Dated: January 17, 2014

Respectfully submitted,

/s/ Hina Shamsi
Hina Shamsi
Brett Max Kaufman (*pro hac vice*)
Jameel Jaffer
American Civil Liberties Union Foundation
125 Broad Street—18th Floor
New York, NY 10004
T: 212.519.2500
F: 212.549.2654
hshamsi@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
    of the Nation's Capital
4301 Connecticut Avenue, N.W.—Suite 434
Washington, D.C. 20008
T: 202.457.0800
F: 202.452.1868
artspitzer@aclu-nca.org

Pardiss Kebriaei (*pro hac vice*)
Maria C. LaHood (*pro hac vice*)
Center for Constitutional Rights
666 Broadway—7th Floor
New York, NY 10012
T: 212.614.6452
F: 212.614.6499
pkebriaei@ccrjustice.org

*Counsel for Plaintiffs*